UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASHIR ABRO,

       Plaintiff,                     CIVIL ACTION NO. 05-CV-71587-DT

v.                                    DISTRICT JUDGE ROBERT H. CLELAND
                                        MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES
OF AMERICA, et. al.,

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

\* \* \*

Plaintiff, Bashir Abro, a federal prisoner currently incarcerated at the Federal Prison Camp in Oxford, Wisconsin, filed the instant prisoner civil rights suit, pursuant to 42 U.S.C. § 1983, on April 22, 2005, against the United States and the Director of the Bureau of Prisons. Plaintiff seeks an immediate transfer to a Community Corrections Center (or halfway house) closest to his home in Troy, Michigan. Plaintiff was sentenced to a 78 month term of imprisonment in January 1996, following a guilty plea for food stamp fraud, felon in possession of a firearm and money laundering. He is scheduled to be released from prison in July 2006. Plaintiff anticipates being transferred to a halfway house on January 11, 2006.

Defendant filed an Answer on August 30, 2005, asserting that the Complaint should be dismissed for failure to exhaust administrative remedies before the Bureau of Prisons (BOP). Defendant argues that any challenge to Plaintiff's halfway house placement must be first directed to the BOP, and that he must exhaust all administrative remedies before that agency before he may seek federal relief in this Court. In a reply to Defendant's Motion to Dismiss dated September 8, 2005, Plaintiff acknowledged that he did not exhaust his administrative remedies before the BOP. He claimed that such exhaustion would be futile since any administrative remedy would be inadequate (See p. 1 of Plaintiff's Reply to Defendant's Motion to Dismiss at Docket #17). For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

## EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and

has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998).

There are several reasons behind the requirement that an inmate exhaust all available administrative remedies before seeking judicial relief. First, exhaustion conserves judicial time and effort since the agency may grant relief; second, the agency has the opportunity to develop a factual record and apply its own expertise, thereby facilitating judicial review; and finally, the agency is given a chance to correct its own errors. Little v. Hopkins, supra 638 F.2d at 954; United States v. Berry, 814 F.2d 1406, 1410-1411 (9th Cir. 1987).

In the instant case, Plaintiff has made no effort to resolve this dispute with the BOP. While Abro makes reference to speaking with his Unit Team about the matter and sending unspecified documentation to the Warden (See p. 2-3 of Complaint at Docket #1), he did not submit documentation showing any attempt to exhaust his administrative remedies with the bureau. As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust BOP administrative remedies prior to filing this action. Given this recommendation, Plaintiff's Emergency Motion for Judgment on the Pleadings (Docket #10) should also be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with

specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

*Note this especially, at the direction of Judge Cleland:* any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                                                                    s/Donald A. Scheer
                                                                                    DONALD A. SCHEER
                                                                                    UNITED STATES MAGISTRATE JUDGE

DATED: December 6, 2005

_____

### CERTIFICATE OF SERVICE

       I hereby certify on December 6, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 6, 2005. **Bashir Abro.**

                                                                                   s/Michael E. Lang
                                                                                   Deputy Clerk to
                                                                                  Magistrate Judge Donald A. Scheer
                                                                                  (313) 234-5217